UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------
JOHN TRISVAN,

                  Plaintiff,

          v.

REGAL ENTERTAINMENT GROUP,
CINEWORLD, and PEPSICO,

                 Defendants.

--------------------------------------------------------------

NOT FOR PUBLICATION

**<u>MEMORANDUM & ORDER</u>**
21-CV-187 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action against Defendants Regal Entertainment Group ("Regal") and Cineworld on January 8, 2021, alleging that he "fell ill" after consuming a soft drink and popcorn at Regal Cinemas in Brooklyn, New York, and seeking relief pursuant to the Clayton Act, the Magnuson-Moss Warranty Act (the "MMWA"), and the Uniform Commercial Code (the "U.C.C.").  (Compl. 2, Docket Entry No. 1.)[1]  On February 17, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed Plaintiff's Clayton Act claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed Plaintiff's MMWA and U.C.C. claims without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  (Mem. and Order 12, Docket Entry No. 5.)  The Court also granted Plaintiff leave to file an amended complaint within thirty days and advised Plaintiff that if he "intends to invoke the Court's diversity jurisdiction over his state law

---

    [1]  Because Plaintiff's pleadings are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

claim, [he] must clearly state the basis for doing so, including facts to support the amount in

controversy." (*Id.*)  On March 19, 2021, Plaintiff filed an Amended Complaint adding

Defendant PepsiCo and claims under the Securities Act of 1933 and the Securities Exchange Act

of 1934 but otherwise asserting the same facts.  (Am. Compl., Docket Entry No. 6.)

For the reasons set forth below, the Court dismisses the Amended Complaint.

## I.   Background

The facts as alleged by Plaintiff have not changed since he filed the Complaint, however,

Plaintiff now identifies the soft drink he consumed as produced by PepsiCo and alleges that

"Defendants violated the Securities Act of 1933 and Securities Exchange Act of 1934," along

with the U.C.C. and the MMWA.  (*Id.* at 1–2.)  The Court assumes the truth of the factual

allegations in the Amended Complaint for the purposes of this Memorandum and Order.

Plaintiff alleges that on January 12, 2018, he went to see a movie at Regal's theatre

located at 106 Court Street in Brooklyn, New York, where he "consumed a large Pepsi and

popcorn" and subsequently "fell ill."  (*Id.* at 2.)  A week later, on January 19, 2018, he went to

see another movie, where he "consumed a large Pepsi and popcorn, which again gave an adverse

effect similar to food poisoning, which was discovered once Plaintiff went to be seen by doctors

at Woodhull Hospital."  (*Id.* at 2–3.)  Plaintiff seeks $175,000, "the sum being [the] amount of

controversy, punitive[,] and compensatory damages."  (*Id.* at 5.)

## II.   Discussion

### a.   Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013).  Although all allegations contained in the complaint are assumed to be true, this principle is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").  Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 101 (2d Cir. 2015) (stating that a court must dismiss an action "on its own initiative" pursuant to Rule 12(h)(3) if it determines that it lacks subject matter jurisdiction "because the limited subject-matter jurisdiction of the federal courts is a restraint on judicial power" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006))); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not

waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter

jurisdiction is lacking, the action must be dismissed.").

      **b.  Securities Exchange Act and Securities Act claims**

Plaintiff contends that:

> Defendants violated the Securities Act of 1933 and Securities
> Exchange Act of 1934 by ways of fraud and misleading statements
> to investors and [the Securities Exchange Committee] for which
> Plaintiff being an investor and recipient of their securities [on the
> New York Stock Exchange] suffered an injury . . . .

(Am. Compl. 4.)

      The Court liberally construes the Amended Complaint as asserting claims of securities

fraud under section 10(b) and Rule 10b–5 of the Securities Exchange Act and sections 11 and

12(a)(2) of the Securities Act and dismisses these claims for failure to state a claim.

      Section 10(b) of the Securities Exchange Act makes it unlawful to "use or employ, in

connection with the purchase or sale of any security . . . , any manipulative or deceptive device

or contrivance in contravention of such rules and regulations as the [SEC] may prescribe."  15

U.S.C. § 78j(b); *see also Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018); *Stratte-McClure v.

Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015); *Dalberth v. Xerox Corp.*, 766 F.3d 172, 182

(2d Cir. 2014).  The corresponding SEC regulation provides that:

> It shall be unlawful for any person, directly or indirectly, by the use
> of any means or instrumentality of interstate commerce, or of the
> mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to
> state a material fact necessary in order to make the statements made,
> in the light of the circumstances under which they were made, not
> misleading, or
>
> (c) To engage in any act, practice, or course of business which

> operates or would operate as a fraud or deceit upon any person,
> in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5; *see also Parkcentral Glob. HUB Ltd. v. Porsche Auto. Holdings SE*, 763

F.3d 198, 209 (2d Cir. 2014).  To state a claim for securities fraud under section 10(b) or Rule

10b–5 of the Securities Exchange Act, "a plaintiff must allege that [the] defendant (1) made

misstatements or omissions of material fact, (2) with scienter, (3) in connection with the

purchase or sale of securities; (4) upon which the plaintiff relied, and (5) that the plaintiff's

reliance was the proximate cause of its injury."  *Stichting Depositary APG Developed Mkts.*

*Equity Pool v. Synchrony Fin. (In re Synchrony Fin. Sec. Litig.)*, 988 F.3d 157, 167 (2d Cir.

2021) (quoting *Stratte-McClure*, 776 F.3d at 100); *Singh v. Cigna Corp.*, 918 F.3d 57, 62 (2d

Cir. 2019); *Schwab v. E\*Trade Fin. Corp.*, 752 F. App'x 56, 58 (2d Cir. 2018).  "Under the

[third] element — fraud committed 'in connection with the purchase or sale of any security' —

standing is limited to actual purchasers or sellers of securities."  *Caiola v. Citibank, N.A.*, 295

F.3d 312, 322 (2d Cir. 2002) (first citing *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723,

749 (1975); and then citing *Gurary v. Winehouse*, 190 F.3d 37, 46 n.9 (2d Cir. 1999)); *see also*

*Criterium Cap. Funds B.V. v. Tremont (Berm.), Ltd. (In re Kingate Mgmt. Litig.)*, 784 F.3d 128,

149 (2d Cir. 2015) (noting the Supreme Court's holding in *Blue Chip Stamps* that standing to

bring a private suit under section 10(b) is limited to "buyers and sellers (and not holders)" of

securities (citing *Blue Chip Stamps*, 421 U.S. at 749)).  In addition, a plaintiff must make a

threshold showing that the material misrepresentation was made by the defendant.  *See* 17 C.F.R.

§ 240.10b–5 ("It shall be unlawful for any person, directly or indirectly . . . [t]o *make any untrue*

*statement* of a material fact or to omit to state a material fact necessary." (emphasis added));

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) ("Section 10(b) of the

Securities Exchange Act of 1934 and the Securities and Exchange Commission's Rule 10b–5

prohibit *making any material misstatement or omission* in connection with the purchase or sale of any security." (emphasis added)).  "For purposes of Rule 10b–5, the maker of a statement is the person or entity with ultimate authority over the statement, including its content and whether and how to communicate it.  Without control, a person or entity can merely suggest what to say, not 'make' a statement in its own right."  *Janus Cap. Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011).

Section 11 of the Securities Act "provides a cause of action for 'any person acquiring' a security issued pursuant to a materially false registration statement unless the purchaser knew about the false statement at the time of acquisition."  *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.)*, 471 F.3d 24, 43 (2d Cir. 2006) (quoting *DeMaria v. Anderson*, 318 F.3d 170, 175 (2d Cir. 2003)).  To state a prima facie claim under section 11, the plaintiff must allege that:

> (1) she purchased a registered security, either directly from the issuer or in the aftermarket following the offering; (2) the defendant participated in the offering in a manner sufficient to give rise to liability under section 11; and (3) the registration statement "contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading."

*Lindsay v. Morgan Stanley (In re Morgan Stanley Info. Fund Sec. Litig.)*, 592 F.3d 347, 358–59 (2d Cir. 2010) (quoting 15 U.S.C. § 77k(a)).  "To establish standing under § 11 at the motion-to-dismiss stage, . . . [p]laintiffs need only assert that they purchased shares 'issued pursuant to, or traceable to the public offerings.'"  *City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 403 (S.D.N.Y. 2020) (quoting *Perry v. Duoyuan Printing, Inc.*, 10-CV-7235, 2013 WL 4505199, at *10 (S.D.N.Y. Aug. 22, 2013)); *Stichting Pensioenfonds ABP v. Wachovia Corp. (In re Wachovia Equity Sec. Litig.)*, 753 F. Supp. 2d 326, 372–73 (S.D.N.Y. 2011) ("[T]he pleading requirement for Section 11 standing is satisfied by

6

general allegations that [the] plaintiff purchased pursuant to or traceable to [a] false registration

statement." (third alteration in original) (first quoting *Caiafa v. Sea Containers Ltd.*, 525 F. Supp.

2d 398, 407 (S.D.N.Y. 2007); and then citing *In re Authentidate Holding Corp.*, No. 05-CV-

5323, 2006 WL 2034644, at *7 (S.D.N.Y. July 14, 2006))).

"Section 12(a)(2) of the Securities Act imposes liability on any person who offers or sells

securities by means of a prospectus containing material misstatements." *Yung v. Lee*, 432 F.3d

142, 147 (2d Cir. 2005.  To state a prima facie claim under section 12(a)(2), the plaintiff must

allege that:

> (1) [she] was offered or purchased a security "by means of a
> prospectus or oral communication"; (2) from a statutory seller;
> (3) when the prospectus or oral communication "includes an untrue
> statement of a material fact or omits to state a material fact necessary
> in order to make the statements, in the light of the circumstances
> under which they were made, not misleading"; and (4) the plaintiff
> did not "know[] of such untruth or omission" at the time of sale (the
> 'absence-of-knowledge element').

*Fed. Hous. Fin. Agency v. Nomura Holding Am., Inc.*, 873 F.3d 85, 98–99 (2d Cir. 2017) (second

alteration in original) (first quoting 15 U.S.C. § 77l(a)(2); and then citing *In re Morgan Stanley

Info. Fund Sec. Litig.*, 592 F.3d at 359).  "[U]nlike a Section 11 claim . . . , a plaintiff seeking

redress pursuant to Section 12(a)(2) must establish that it purchased the security directly from

defendants through the public offering at issue." *In re Citigroup Bond Litig.*, 723 F. Supp. 2d

568, 585 (S.D.N.Y. 2010); *see also Gustafson v. Alloyd Co.*, 513 U.S. 561, 578 (1995) ("The

intent of Congress and the design of the statute require that § 12(2) liability be limited to public

offerings.").  "Purchasers in private or secondary market offerings do not have standing to bring

actions under Section 12(a)(2)." *In re Citigroup Bond Litig.*, 723 F. Supp. 2d at 585 (first

quoting *In re Ultrafem Inc. Sec. Litig.*, 91 F. Supp. 2d 678, 693 (S.D.N.Y. 2000); and then citing

*Rogers v. Sterling Foster Co. (In re Sterling Foster & Co. Sec. Litig.)*, 222 F. Supp. 2d 216, 244–

45 (E.D.N.Y. 2002) (collecting cases)); *Johnson v. Sequans Commc'ns S.A.*, No. 11-CV-6341, 2013 WL 214297, at *16 (S.D.N.Y. Jan. 17, 2013) (noting that the Second Circuit "generally requires plaintiffs to plead that the securities at issue were purchased in the initial public offering" and collecting cases).

Like claims under section 10(b) of the Securities Exchange Act, "Securities Act claims under Sections 11 and 12(a)(2) require a plaintiff to plead facts showing that the defendant made a material misstatement or omission." *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 37 (2d Cir. 2014) (citing *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d at 358–59). However, "[s]cienter, reliance, and loss causation are not *prima facie* elements of a Section [11 or] 12(a)(2) claim." *Fed. Hous. Fin. Agency*, 873 F.3d at 98 (citing *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d at 359); *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419, 434 (S.D.N.Y. 2009) (stating that "claims brought pursuant to sections 11 and 12(a)(2) must plead materiality of the alleged misrepresentation or omission, but not scienter, reliance, or causation" and collecting cases).

A claim of securities fraud under section 10(b) of the Securities Exchange Act is "subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 ('PSLRA')." *Wyche v. Adv. Drainage Sys., Inc.*, 710 F. App'x 471, 473 (2d Cir. 2017) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007)); *see also City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 184 (2d Cir. 2014) (same). The heightened pleading requirements of Rule 9(b) also apply to Securities Act claims "where the allegations underlying [these] claims are premised on fraud." *In re Synchrony Fin. Sec. Litig.*, 988 F.3d at 173. Rule 9(b) provides that, when bringing a complaint "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also United States ex rel.*

*Ladas v. Exelis, Inc.*, 824 F.3d 16, 25 (2d Cir. 2016); *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 171 (2d Cir. 2015).  The PSLRA requires a plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, . . . state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u–4(b)(1); *see also Schwab*, 752 F. App'x at 58; *Steginsky v. Ecelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014).  In addition, a plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u–4(b)(1)(A); *see also In re Synchrony Fin. Sec. Litig.*, 988 F.3d at 167; *Zech Cap. LLC v. Ernst & Young Hua Ming*, 636 F. App'x 582, 583 (2d Cir. 2016); *Steginsky*, 741 F.3d at 368.

    Plaintiff's allegation that he is "an investor and recipient of [Defendants'] securities" is insufficient to state a claim under section 10(b) of the Securities Exchange Act and sections 11 and 12(a)(2) of the Securities Act.  *See, e.g.*, *Gordon Partners v. Blumenthal*, No. 02-CV-7377, 2007 WL 431864, at *9 (S.D.N.Y. Feb. 9, 2007) (stating that "[s]ection 10(b) and Rule 10b-5 prohibit securities fraud 'in connection with the purchase or sale' of securities.  Accordingly, to state a claim thereunder, a plaintiff must allege that he was an actual purchaser or seller of securities" and collecting cases (quoting *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 376 F. Supp. 2d 385, 402 (S.D.N.Y. 2005))), *report and recommendation adopted*, 2007 WL 1438753 (S.D.N.Y. May 16, 2007), *aff'd*, 293 F. App'x 815 (2d Cir. 2008); *Lau v. Opera Ltd.*, --- F.3d ---, ---, 2021 WL 964642, at *14 (S.D.N.Y. Mar. 13, 2021) ("[The plaintiff] has failed to allege how the stocks she purchased were traceable to the stocks issued in the public offerings.  Therefore, [she] lacks standing to bring the Section 11 claims asserted in this case."); *see also Caiafa v. Sea Containers Ltd.*, 331 F. App'x 14, 16 (2d Cir. 2009) (finding that the

plaintiffs did not have standing under section 12(a)(2) because they "failed to alleged that they purchased securities under circumstances requiring the delivery of a prospectus"); *In re Citigroup Bond Litig.*, 723 F. Supp. 2d at 585 (dismissing *pro se* plaintiffs' section 12(a)(2) claims for lack of standing and noting that "[f]or a complaint to plausibly plead standing to raise a claim pursuant to Section 12, it must identify a particular purchase from a particular defendant pursuant to a particular prospectus that it contends contained a particular false or misleading statement.  Failing to do so fails to meet even the lessened pleading requirements of Rule 8, because it does not put the defendant on notice as to the claim plaintiffs seek to raise").  In addition, Plaintiff has not alleged any facts to support the other elements of prima facie claims for securities fraud under either statute or to satisfy the heightened pleading requirements that apply to such claims under Rule 9(b) where, as here, such claims are premised on fraud.  Accordingly, the Court dismisses these claims.[2]  *Cartwright v. D'Alleva*, No. 17-CV-5953, 2018 WL 9343524, at *3 (S.D.N.Y. Aug. 27, 2018) (dismissing *pro se* claims of securities fraud), *aff'd*, 782 F. App'x 77 (2d Cir. 2019).

### c.  The Court lacks subject matter jurisdiction over Plaintiff's U.C.C. claim

Plaintiff again invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 with regard to his state law claim that Defendants violated the implied warranty of

---

[2]  Plaintiff also reasserts that he was "damaged by the failure by the supplier and warrantor and/or service contractor . . . to comply with any obligation under the [MMWA]." (Am. Compl. 4 (citing 15 U.S.C. § 2310(d)).)  However, he has not alleged any new facts to support this claim.  Therefore, the Amended Complaint does not cure the deficiencies with this claim that the Court previously highlighted, and it remains subject to dismissal.  (*See* Mem. and Order 8 ("Plaintiff's MMWA claim seeks recovery for personal injuries he sustained as a result of food poisoning and is therefore not cognizable under the MMWA.  In addition, because personal injury damages cannot be included in calculating the amount in controversy, Plaintiff fails to meet the jurisdictional minimum required to bring a claim under the MMWA." (citing *Abedrabbo v. Topps Meat Co.*, 756 F. Supp. 2d 18, 23 (D.D.C. 2010)).)

merchantability under the U.C.C. by "failing to ensure that the products sold were of good substance."[3]  (Am. Compl. 3.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700–01.  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (May 28, 2019) (alteration in original).  Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be

---

[3]  In view of the Court's dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3) ("District courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.").  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Pension Benefit Guar. Corp.*, 712 F.3d at 727 (quoting *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003)); *see also One Commc'ns Corp. v. J.P. Morgan SBIC LLC*, 381 F. App'x 75, 82 (2d Cir. 2010) ("If all of a plaintiff's federal claims are dismissed, a district court is well within its discretion to decline to assert supplemental jurisdiction over any state law claims." (citing *WWBITV, Inc. v. Village of Rouses Point*, 589 F.3d 46, 49 (2d Cir. 2009))).

citizens of states diverse from those of all defendants." (footnote omitted) (quoting *Exxon Mobil Corp.*, 545 U.S. at 553)); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (first citing 28 U.S.C. § 1332(c)(1); and then citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'[p]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").  In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000." *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154 (D. Conn. 2016) (citing 28 U.S.C. § 1332(a)).  "[T]his amount is measured as of the time that a complaint is filed," *id.* at 154–55 (citing *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005)), and it is established by the face of the complaint and the dollar amount actually claimed," *id.* (first citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)); *see also Hall*, 396 F.3d at 506 ("Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events.").  "Generally, the plaintiff, as the party asserting subject matter jurisdiction, has the burden of proving that it exists by a preponderance of the evidence." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova*, 201 F.3d at 113); *see also Scherer*, 347 F.3d at 397 ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.

1994))); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (same); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019).  The amount in controversy must be non-speculative to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient.  *See Valente v. Garrison from Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

In addition, where the jurisdictional amount includes punitive damages, those punitive damages will be considered with heightened scrutiny.  *See Pyskaty*, 856 F.3d at 225 ("[I]n computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." (quoting *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972))); *see also Peoples Club of Nigeria Int'l v. Peoples Club of Nig. Int'l*, 821 F. App'x 32, 35 (2d Cir. 2020) (same); *Nwanze v. Time, Inc.*, 125 F. App'x 346, 349 (2d Cir. 2005) (finding the plaintiff's "demand for five million dollars' punitive damages based on his claims that [the defendant] fraudulently induced him into subscribing to magazines with promises of multi-million dollar prizes — with unspecified or no actual damages" insufficient to meet amount-in-controversy requirement); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he [c]ourt is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages.").

Plaintiff fails to meet the complete-diversity requirement because new Defendant PepsiCo, alleged to be "headquartered in Harrison, New York," and Plaintiff, a New York resident, are nondiverse.  (Am. Compl. 3.)  In addition, Plaintiff fails to provide a basis for

seeking $175,000 in punitive and compensatory damages for the alleged food poisoning, making

his request for punitive damages speculative.  (*See generally id.*)  Because Plaintiff's request for

relief is speculative, it is insufficient to meet the amount in controversy required for the Court to

exercise diversity jurisdiction over this matter.  *See Centra Devs. Ltd. v. Jewish Press Inc.*, No.

16-CV-6737, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (finding a lack of subject

matter jurisdiction despite the plaintiff's allegations of "$3,000,000 in punitive damages"

because the "[p]laintiff's complaint fail[ed] to allege any other out-of-pocket expenses [that

plaintiff] incurred, except attorney's fees"), *report and recommendation adopted*, 2018 WL

1445574 (E.D.N.Y. Mar. 23, 2018); *see also Cohen*, 2014 WL 4701167, at *3 n.4 ("[T]he [c]ourt

is not obligated to accept, on face value, a claimed amount of punitive damages, particularly

where there would be no diversity without such damages." (citing *Nwanze*, 125 F. App'x at

349)); *Watty v. Cuomo*, No. 12-CV-2660, 2013 WL 4495184, at *2 (E.D.N.Y. Aug. 14, 2013)

(stating that the plaintiff's "demand for punitive and other additional damages, unsupported by

the law or the allegations in the amended complaint, is not sufficient to satisfy the amount-in-

controversy requirement" and collecting cases).

Accordingly, the Court dismisses Plaintiff's state law claim under the U.C.C. without

prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of

Civil Procedure.  (Am. Compl. 3.)

### d.   Leave to Amend

While the Court would ordinarily allow Plaintiff to amend a second time to cure the

identified deficiencies, any amendment in this case would be futile, and "leave to amend may

properly be denied if the amendment would be futile."  *Russell v. Aid to Developmentally

Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media,*

14

*Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)).  As the Court has already provided Plaintiff leave to amend and his submission merely duplicates the original pleading, adds conclusory federal claims, and is part of a pattern of similar unsuccessful lawsuits,[4] the Court denies further leave to amend.

Based on Plaintiff's litigation history, the Court cautions Plaintiff that it will not tolerate frivolous litigation and that he may be subject to a filing injunction in this district if he continues to file similar actions in this Court.  *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 538 (2d Cir. 2005) (per curiam).

## III.  Conclusion

Accordingly, the Court dismisses Plaintiff's claims under the Securities Act and the Securities Exchange Act for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismisses Plaintiff's claim under the U.C.C. without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore denies *in forma pauperis* for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The

---

[4]  This is Plaintiff's fourth action against various entities asserting claims under the Clayton Act, the MMWA, and the U.C.C. based on alleged food poisoning.  *See Trisvan v. Ky. Fried Chicken Corp.*, No. 20-CV-2071, 2021 WL 327728, at *5 (E.D.N.Y. Feb. 1, 2021) (dismissing amended complaint); *Trisvan v. Burger King Corp.*, No. 19-CV-6396, 2021 WL 1193531, at *8 (E.D.N.Y. Mar. 30, 2021) (dismissing second amended complaint); *Trisvan v. Checkers Drive-In Rests., Inc.*, No. 16-CV-7000, 2020 WL 906635, at *6–7 (E.D.N.Y. Feb. 18, 2020) (dismissing fourth amended complaint), *appeal dismissed*, No. 20-1271 (2d Cir. Oct. 1, 2020).

Clerk of Court is directed to enter judgment, mail a copy of this Memorandum and Order to

Plaintiff, and close this case.

Dated:  July 26, 2021
        Brooklyn, New York

                              SO ORDERED:

                                  s/ MKB

                              _____
                              MARGO K. BRODIE
                              United States District Judge